IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS MCKINLEY, | ) |
| Plaintiff, | ) 2:23-CV-01438-CCW |
| v. | ) |
| CORNELL ABRAXAS GROUP, LLC; THE GEO GROUP, INC.; JOHN SWATSBURG; ROB PAETOW; JOE SEMULKA; BOB VOAS; CORNELL ABRAXAS GROUP, INC. | ) |
| Defendants. | |

## OPINION

Before the Court is Defendants' Motion to Dismiss the Amended Complaint in its entirety for failure to state a claim, and to strike certain allegations within it. *See* ECF No. 25.

For the reasons that follow, Defendants' Motion will be granted, and Plaintiff's claims will be dismissed without prejudice and with leave to amend.

**I.     Background**

Plaintiff Thomas McKinley alleges that he was physically and sexually abused in 2014, while living at Abraxas Youth and Family Services' residential facility for youth adjudicated delinquents in South Mountain Pennsylvania ("Abraxas South Mountain"). Defendants are the corporate entities that owned and operated that facility (Cornell Abraxas Group, LLC and Cornell Abraxas Group, Inc.) or later merged with those entities (the GEO Group, Inc.) (collectively, the "Abraxas Entities"), as well as individuals who "were officers and directors" of the Abraxas South Mountain facility "and/or assumed its liabilities" (collectively, "Individual Defendants").

1

Mr. McKinley brings federal claims under 42 U.S.C. § 1983 against the Abraxas Entities in Counts 1 and 2 alleging violations of his rights under the Eighth and Fourteenth Amendments,[1] and state law claims against combinations of defendants in Counts 3 through 7.[2]

The relevant factual allegations, taken as true, are as follows.

Around August 15, 2014, when he was 17 years old, Mr. McKinley was adjudicated delinquent by the Court of Common Pleas of Dauphin County and committed to Abraxas South Mountain. ECF No. 16 ¶ 26. He remained there for less than two months. *Id.* ¶ 27. While at Abraxas South Mountain, Mr. McKinley was "repeatedly physically and sexually abused." *Id.* He alleges that the abuse began during his intake when Mr. Neloms insisted he be strip searched. *Id.* ¶ 28. When Mr. McKinley moved during the search, Mr. Neloms said that he would be punished later. *Id.* That evening when Mr. McKinley was in the shower, Mr. Neloms claimed that he was taking too long and dragged him out of the shower naked. *Id.* ¶ 30. While another Abraxas staff member, Ms. Capps, was present, Mr. Neloms and a third, unnamed staff member "punched [Mr. McKinley] in his face, slammed him to the ground, and kicked him." *Id.* ¶¶ 30–32. After the assault, the staff members told Mr. McKinley that "if he told anyone about the beating or acted out, he would be physically abused again and they would make sure that [Mr. McKinley] never went home." *Id.* ¶ 34. On a separate occasion, while Mr. McKinley was showering, Mr. Neloms told him "that he was taking too long," and Mr. Neloms "became angry and pulled [him] out of the shower, slam[ming] him to the ground on his back." *Id.* ¶ 35.

---

[1] Defendants' Brief in Support of their Motion to Dismiss includes arguments implying that Plaintiff's § 1983 claims are brought against the Individual Defendants as well as the Abraxas Entities. *See, e.g.*, ECF No. 26 at 6–7. However, Plaintiff's Response in Opposition confirms that he has not asserted any § 1983 claims against the Individual Defendants. ECF No. 35 at 2.

[2] The Court has federal question jurisdiction over Counts 1 and 2 pursuant to 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over the state law claims in Counts 3 through 7, pursuant to § 1367.

Mr. McKinley was also abused by another Abraxas staff member, Mr. Trahe, after falling asleep in school. *Id.* ¶ 36. He explains that Mr. Trahe brought him to his office, where Ms. Capps was waiting, and she told Mr. McKinley to pull down his pants. *Id.* When he refused, Mr. Trahe began to hit him, "threw [him] to the ground and stomped on his back four or five times." *Id.* On a separate occasion, Mr. McKinley was called to Ms. Capps' office, where Mr. Trahe was also present. *Id.* ¶ 39. She "again ordered him to pull his pants down and [when] he refused," both staff members attempted to hold him down, but Mr. McKinley fought them off and ran out of the office. *Id.* Mr. McKinley alleges, however, that "Ms. Capps sexually abused [him] several times in her office during his placement at Abraxas," including one time when "she forced him to submit to oral sex." *Id.* ¶ 40. Additionally, Ms. Capps "would often watch the students, including [Mr. McKinley], while they were showering. The shower stalls had short curtains, and she would make remarks about their physiques and would stare too long in a lascivious way." *Id.* ¶ 41. On one occasion, she "tried to grab [Mr. McKinley]'s genitals but someone was coming, so she stopped." *Id.* ¶ 42. Mr. McKinley asserts that he "was constantly threatened that if he told anyone about any of the abuse, he would get beaten up again and would never be able to leave Abraxas." *Id.* ¶ 43.

As a result of the alleged abuse, Mr. McKinley asserts that he suffers from life-long mental health issues, an inability to earn a living and be a productive member of society, and continued involvement in the criminal justice system. *Id.* ¶¶ 63–73. He seeks money damages on all of his claims, among other relief.

Defendants now move to dismiss the federal and state claims on various grounds and move to strike certain allegations in the Amended Complaint. ECF No. 25. With briefing now complete, ECF Nos. 25, 26, 35, 37, 38, the Motion is ripe for resolution.

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly*

4

*v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").

### III. Discussion

In his Amended Complaint, Mr. McKinley brings multiple federal and state law claims against the Abraxas Entities and the Individual Defendants. ECF No. 16. As against the Abraxas Entities specifically, Mr. McKinley brings two federal claims: a *Monell* claim (Count 1) and a state-created danger/unsafe conditions of confinement claim (Count 2), both pursuant to 42 U.S.C. § 1983. *Id.* ¶¶ 81–107. And as against all Defendants, Mr. McKinley brings the remaining state-law claims: a negligence claim (Count 3), a negligent hiring claim (Count 4), a negligent infliction of emotional distress claim (Count 5), a gross negligence claim (Count 6), and a breach of fiduciary duty claim (Count 7). *Id.* ¶¶ 108–149.

Defendants now move to dismiss the federal and state claims on various grounds and move to strike certain allegations in the Amended Complaint. ECF No. 25. For the reasons set forth below, the Court finds that Mr. McKinley's federal claims in Counts 1 and 2 are time-barred, and the Court declines to exercise supplemental jurisdiction over the remaining state claims.

### A. Mr. McKinley's Federal Claims Are Time-Barred by the Applicable Statute of Limitations

In Counts 1 and 2 of his Amended Complaint, Mr. McKinley brings claims against the Abraxas Entities pursuant to 42 U.S.C. § 1983, alleging they violated his Eighth and Fourteenth Amendment rights when he was sexually and physically abused at the Abraxas South Mountain facility.[3] ECF No. 16 ¶¶ 81–107. The Abraxas Entities move to dismiss the § 1983 claims on

---

[3] The Court does not address whether the elements of a *Monell* claim are satisfied, or whether there is an underlying constitutional violation, because even if Mr. McKinley cleared those hurdles, the Court concludes that his claims are barred on statute of limitations grounds.

various grounds, including that they are time barred by the applicable statute of limitations. ECF No. 26 at 10–13.

The running of a statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c). The Court may grant a motion to dismiss on statute of limitations grounds "only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 153, 157 (3d Cir. 2017). Section 1983 borrows its statute of limitations from the personal injury tort law of the state where the cause of action arose. *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). Under Pennsylvania law, the statute of limitations for personal injury torts is two years, or if the person was a minor at the time of the injury, two years from the person's eighteenth birthday. 42 Pa. C.S. §§ 5524, 5533(b)(1). Here, the Amended Complaint plainly states that Mr. McKinley was seventeen years old in August 2014 when the alleged sexual and physical abuse occurred, which means he would have turned eighteen in 2014 or 2015. ECF No. 16 ¶ 26. Thus, he needed to file his claims sometime in 2017 at the latest unless, as he argues, the claims (1) did not accrue until some later time; (2) were subject to a different, longer statute of limitations; or (3) were tolled. The Court will address each of those issues below.

        **1.**        **Mr. McKinley's Claims Accrued in 2014 when the Abuse Occurred**

Mr. McKinley asserts that his claims did not accrue at the time of the alleged sexual and physical abuse in 2014, but rather accrued only in 2022, when he became aware of an unrelated federal lawsuit filed in the Western District of Pennsylvania asserting § 1983 claims against an Abraxas entity for alleged sexual abuse. *See* ECF No. 35 at 10 (discussing *Van Buren v. Abraxas Youth & Fam. Servs.*, No. 22-499 (W.D. Pa.) (Wiegand, J.)). In response, the Abraxas Entities contend that Mr. McKinley's claims accrued when the abuse happened in 2014 because he knew he was being abused at that time. ECF No. 26 at 12.

Determining when a § 1983 claim accrues is a question of federal law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resol. Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). Under federal law, a civil rights claim accrues "when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (quoting *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)). This is an objective inquiry, with a cause of action accruing "at the moment at which each of its component elements has come into being as a matter of objective reality." *Leonard v. City of Pittsburgh*, 570 Fed. App'x 241, 244 (3d Cir. 2014) (citing *William A. Graham Co. v. Haughey*, 646 F.3d 138, 150 (3d Cir. 2011)). Generally, a cause of action is considered to have accrued "when the last act needed to complete the tort occurs." *English v. City of Wilkes-Barre*, No. 22-2477, 2023 WL 2400698, *2 (3d Cir. Mar. 8, 2023).

Here, applying federal law, the Court concludes that Mr. McKinley's claims accrued between August 15, 2014 and October 15, 2014, when staff members abused him while he was living at the Abraxas South Mountain facility. That was when Mr. McKinley suffered an injury: as the Complaint plainly alleges, he was, inter alia, assaulted when Mr. Neloms and another staff member "punched him in his face, slammed him to the ground, and kicked him" as well as when Ms. Capps "forced him to submit to oral sex." ECF No. 16 ¶¶ 30, 40. And although Mr. McKinley alleges that he should not be charged with knowledge that "what happened to him . . . [was] institutionalized sexual and physical abuse and related cover-up," ECF No. 35 at 10, numerous courts have found that a reasonable person should have known that sexual and physical abuse constituted an injury at the time of the abuse. *See Bundy v. Cumberland Cnty.*, No. 21-20259, 2022 WL 6966945, at *4 (D.N.J. Oct. 11, 2022) (finding that inmate's claims accrued at time of sexual assaults by prison officials because she "was clearly aware of her injuries as they occurred."); *Stephens v. Clash*, No. 1:13-cv-712, 2014 WL 2808599, at *3 (M.D. Pa. June 19,

7

2014) (finding that juvenile plaintiff's claims were time barred because claims accrued at time of sexual assaults, and despite tolling statute of limitations until age of eighteen, plaintiff did not sue within applicable time period), *aff'd*, 796 F.3d 281 (3d Cir. 2015); *Gunn v. Vision Quest Nat'l Ltd.*, No. 23-225, 2024 WL 3013846, at *3 (W.D. Pa. June 14, 2024) (Baxter, J.) (finding that juvenile plaintiff's claims of physical abuse accrued at the time of the abuse such that he had two years from his eighteenth birthday to pursue his claims).

Mr. McKinley's remaining arguments are unpersuasive. In his Response to Defendants' Motion, Mr. McKinley mentions accrual briefly, first to note the correct general proposition that federal law determines accrual, ECF No. 35 at 9, but then he incorrectly intertwines accrual and tolling, contending that "plaintiff plausibly pled the tolling and accrual doctrines of fraudulent concealment, equitable tolling, and the discovery rule," *id.* at 9–10. He also contends that § 1983 claims do not accrue until "the wrongful act or omission results in damages," citing *Dique v. N.J. State Police*, 603 F.3d 181, 185–86 (3d Cir. 2010) for the proposition. ECF No. 35 at 9. But as the Third Circuit recently recognized, *Dique* is inapplicable in cases such as this one, because "[it] did not delay accrual under federal law. Rather, it said it was doing so under a state law that tolled the statute of limitations." *English*, 2023 WL 2400698, *2 (citing *Dique*, 603 F.3d at 185–88).[4]

---

[4] The fact that Plaintiff's § 1983 claims are purported *Monell* claims against the Abraxas Entities, as opposed to § 1983 claims against individual defendants, does not change the court's conclusion about when Mr. McKinley's claims accrued. *See, e.g.*, *English*, 2023 WL 2400698, at *2. Further, to the extent Mr. McKinley argues for a delayed-accrual rule, the Court also finds that the Third Circuit has foreclosed the availability of this rule. For example, in a case involving a *Monell* claim against a municipality, the Third Circuit rejected a delayed-accrual rule that would have tied "accrual to when [plaintiffs] knew or should have known of *both* their injury and all its causes." *Id.* In rejecting this rule, the Court explained that "[o]ur Circuit has not adopted the delayed-accrual rule. But even if it had . . . Plaintiffs had enough information to suspect that [the municipality] might have been deliberately indifferent to [the employee's] misconduct and investigate further." *Id.* Therefore, even if the Court applied a delayed-accrual rule to Mr. McKinley's claims, he still had enough information to suspect, at the time of the abuse, that the Abraxas Entities might have known of their employees' misconduct and been deliberately indifferent.

8

Accordingly, under federal law, Mr. McKinley's § 1983 claims accrued at the time of the incidents of abuse, which is to say, at the latest, on October 15, 2014 when he was released from Abraxas South Mountain.

### 2. Pennsylvania's Specialized Statute for Sexual Abuse Does Not Extend Mr. McKinley's Time for Filing

Next, Mr. McKinley asserts that Pennsylvania's specialized statute extending the time for filing civil actions arising from sexual abuse, 42 Pa. C.S. § 5533(b)(2)(i), rather than its general two-year statute of limitations for personal injury, applies to his § 1983 claims of sexual abuse and renders them timely. ECF Nos. 35, 38. The Court disagrees with Mr. McKinley.

The Third Circuit recently addressed "what happens when a state provides multiple statutes of limitations." *Fisher*, 2024 WL 3820969, at *7–8. The Court explained that to "limit[] confusion and promote[] predictability," § 1983 claims "are best characterized as personal injury actions, so a state's statute of limitations for injury to person applies." *Id.* (internal quotations omitted); *see also Owens v. Okure*, 488 U.S. 235 (1989). And where a state has multiple statutes of limitations for personal injury actions, courts "should borrow the general or residual statute for personal injury actions." *Id.* Here, Pennsylvania has two statutes of limitations for personal injury actions: § 5533(b)(2)(i), which extends the limitations period for civil actions arising from sexual abuse; and § 5524, which sets the two-year limitation for general personal injury claims. Accordingly, because § 5524 is Pennsylvania's general or residual statute for personal injury actions, the Court will apply this statute to Mr. McKinley's claims.

### 3. Mr. McKinley's Claims are Untimely

Applying the above analysis, Mr. McKinley's claims accrued at the time of his abuse, which, at the latest, would be on October 15, 2014. *See* Part III.A.1. Further, because Mr. McKinley was a minor at the time of his abuse, the statute of limitations is tolled until he reaches

9

the age of majority, which would have been, at the latest, October 15, 2015.  Finally, because Pennsylvania's general statute of limitations for personal injury actions applies, *see* Part III.A.2, Mr. McKinley had until October 15, 2017 to bring his federal claims.  Because Mr. McKinley did not file his federal claims until August 10, 2023, ECF No. 1, the Court finds that his claims are time-barred and will be dismissed unless an equitable tolling principle applies.

### B.     Tolling the Statute of Limitations is Not Warranted

Mr. McKinley contends that even if his claims are time-barred, the court should toll the statute of limitations on several state-law grounds:  Pennsylvania's discovery rule, doctrine of fraudulent concealment, and general equitable tolling.  ECF No. 35 at 9–11.  In their Motion, Defendants assert that these equitable tolling principles are not applicable to the facts of this case.  ECF No. 26 at 12.  In § 1983 cases, federal courts generally apply state law tolling principles, with certain exceptions.[5]  *Leonard*, 570 Fed. App'x at 241 (citing *Kach*, 589 F.3d at 639).  The Pennsylvania Supreme Court uses "equitable tolling" as an "umbrella" concept, under which the discovery rule and fraudulent concealment fall.  *Riad v. Wells Fargo Bank*, No. 22-1757, 2023 WL 8676234, *3 (3d Cir. Mar. 23, 2023) (quoting *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 248 n.3 (Pa. 2021)).  The Court will address each principle in turn below.

#### 1.     The Discovery Rule

Mr. McKinley first argues that the discovery rule applies to his case and should toll the applicable statute of limitations.  ECF No. 35 at 9–11.  Pennsylvania's discovery rule "tolls the statute of limitations where an injury or its cause is not reasonably knowable."  *Rice*, 255 A.3d at 246; *Getchy v. Cnty. of Northumberland*, 120 Fed. App'x 895, 898 (3d Cir. 2005) ("[W]here the

---

[5] For example, where the parties allege there is a conflict between state and federal equitable tolling principles, which neither side has asserted here.

existence of the injury is not known to the complaining party and such knowledge cannot be reasonably ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible."). Further, courts will not toll the statute of limitations unless the plaintiff can show that he used "reasonable diligence to investigate [his] claims." *Riad*, 2023 WL 8676234, at *3. A plaintiff demonstrates reasonable diligence in investigating his claims where he "exhibited 'those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others.'" *Id.* The Pennsylvania Supreme Court acknowledges that the discovery rule is "strict" and "less plaintiff favorable." *Rice*, 255 A.3d at 247; *Getchy*, 120 Fed. App'x at 898–99 (finding that the discovery rule only applies "to those situations where the nature of the injury itself is such that no amount of vigilance will enable the plaintiff to detect an injury" and "battery is not [typically] such an injury.").

Here, Mr. McKinley raises several reasons that his abuse was not "reasonably knowable" at the time it occurred. First, he generally asserts that "Abraxas agents would watch other employees and staff members physically abusing the students, and so such conduct was treated as normal and acceptable among everyone at Abraxas, thereby leading [Mr. McKinley] to believe that he did not have viable claims." ECF No. 16 ¶ 70. Mr. McKinley then asserts that "[i]t was not until March 28, 2022, when a class action complaint was filed against Abraxas in this District . . . when [Mr. McKinley] was on notice of the extensive cover-up and code of silence regarding the abuse committed by Abraxas's agents that lasted for decades and was known only to Defendants." ECF No. 16 ¶ 72.

Despite Mr. McKinley's arguments, the Court finds that he has failed to show he was reasonably diligent in investigating his claims. Mr. McKinley had not only a reason but a duty to

11

investigate what the Abraxas staff members allegedly did to him. As the Pennsylvania Supreme Court has stated, "[p]ausing the running of the statute of limitations arises from the inability, despite the exercise of diligence, to determine the injury or its cause, not upon a retrospective view of whether the facts were *actually* ascertained within the [limitations] period." *Rice*, 255 A.3d at 255 (internal quotations omitted). Stated differently, "[t]he polestar of the Pennsylvania discovery rule is not a plaintiff's actual acquisition of knowledge but whether the information, through the exercise of due diligence, was knowable to the plaintiff. The failure to make inquiry when information is available is failure to exercise reasonable diligence as a matter of law." *Gunn*, 2024 WL 3013846, at *3.

Here, Mr. McKinley was obligated, within two years of turning eighteen, to investigate his claims, and it is apparent from the face of the Amended Complaint that he did not do so. Mr. McKinley knew in 2014 that Mr. Neloms and another staff member "punched him in his face, slammed him to the ground, and kicked him" and that Ms. Capps "forced him to submit to oral sex." ECF No. 16 ¶¶ 30, 40. Yet Mr. McKinley does not allege any actions on his part to investigate these incidents in the two years after he turned eighteen. *See generally* ECF No. 16. Further, based on the allegations in the Amended Complaint, Mr. McKinley was also aware of who had caused the injury—namely, several staff members at the Abraxas South Mountain facility. ECF No. 16 ¶¶ 28–43. And when describing the harm he suffered from the abuse, Mr. McKinley acknowledges that "at the time [of the abuse] and continuing thereafter, [he] suffered from nightmares, night sweats, panic, anxiety attacks, and hypervigilance." *Id.* ¶ 63.

Thus, viewing the allegations in the Amended Complaint in the light most favorable to Mr. McKinley and drawing all reasonable inferences therefrom, the information about his injuries and their cause were knowable to him. *See Fox v. Lackawanna Cnty.*, No. 3:16-cv-1511, 2017 WL

5007905, at *8 (M.D. Pa. Nov. 2, 2017) (finding that the discovery rule did not apply because plaintiffs "were aware of their injuries at the time they were sexually assaulted and harassed" and the existence of a cover-up did not make their injuries unknowable). Mr. McKinley's failure to investigate these injuries is a failure to engage in reasonable diligence. *See Leonard*, 570 Fed. App'x at 245 (refusing to apply the discovery rule because plaintiff did not engage in reasonable diligence where she "knew of her injury by [defendant], and—importantly—she knew that he was a police officer employed by the City in June 2008. Exercising reasonable diligence, she could have discovered at that time a potential *Monell* claim against the City."). Therefore, Mr. McKinley is not entitled to tolling based on the discovery rule. The Court will, however, permit Mr. McKinley leave to amend this claim.

## 2. Fraudulent Concealment

Mr. McKinley next argues that the court should toll the applicable statute of limitations under Pennsylvania's "fraudulent concealment doctrine." ECF No. 35 at 9–11. The fraudulent concealment doctrine tolls the statute of limitations where, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry." *Rice*, 255 A.3d at 248 (citations omitted). "[I]n order for fraudulent concealment to toll the statute of limitations, the defendant must have committed some affirmative independent act of concealment upon which the plaintiff[] justifiably relied." *Leonard*, 570 Fed. App'x at 245 (quotations omitted). "Mere mistake, misunderstanding or lack of knowledge is insufficient however; and the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party." *Rice*, 255 A.3d at 248 (cleaned up). Additionally, as with the discovery rule, to toll the statute of limitations under the doctrine of fraudulent concealment, the plaintiff must exercise reasonable diligence to discover his injury. *Riad*, 2023 WL 8676234, at *3.

13

Here, Mr. McKinley is not entitled to tolling based on fraudulent concealment.  While Mr. McKinley alleges that the Court should toll the statute of limitations based on fraudulent concealment, ECF No. 16 ¶ 69, he fails to allege an affirmative act of concealment by the Abraxas Entities that caused him to relax his vigilance or deviate from his right of injury.  Mr. McKinley asserts that he "was constantly threatened that if he told anyone about any of the abuse, he would get beaten up again and would never be able to leave Abraxas," *id.* ¶¶ 34, 43, but such allegations are insufficient.  Instead, to allege fraudulent concealment, a plaintiff must show that the defendant denied that the injury occurred or misled the plaintiff regarding the availability of a cause of action—neither of which the Abraxas staff is alleged to have done.  *Getchy*, 120 Fed. App'x at 899; *Fox*, 2017 WL 5007905, at *8 (refusing to apply the fraudulent concealment principle because plaintiffs had not alleged "any affirmative acts by Defendants that would have misled them into believing the sexual abuse did not occur, that the abuse had not been committed by specific corrections officers, and/or that they suffered injuries as a result.").  Therefore, because the Abraxas staff members' threats did not deny the abuse or suggest that a cause of action was unavailable to Mr. McKinley, they are insufficient to warrant tolling based on fraudulent concealment.

Mr. McKinley's remaining argument for applying the doctrine of fraudulent concealment is a conclusory assertion that "because of Defendants' actions, including a cover-up of the abuse, [Mr. McKinley] was unable to assert his legal rights in a timely manner."  ECF No. 16 ¶ 71.  But such conclusory statements are insufficient to raise fraudulent concealment as they do not allege an affirmative act by the defendant.  *See Kach*, 589 F.3d at 642 (refusing to apply the discovery rule where the plaintiff "merely states the name of the rule" but does not allege specific facts in support).

Finally, the Court's analysis of the discovery rule, *see* Part III.B.1, compels the same result here: the fraudulent concealment doctrine is precluded because Mr. McKinley failed to use reasonable diligence to investigate his claims against the Abraxas Entities within the applicable limitations period. *See Gunn*, 2024 WL 3013846, at *3–4 (refusing to apply the doctrine of fraudulent concealment to toll the statute of limitations for plaintiff's state law claims against a detention center because he failed to investigate the detention center's culpability with reasonable diligence). Here, Mr. McKinley does not allege any investigative or other action he took in the years following the abuse. *See generally* ECF No. 16 (explaining that Mr. McKinley was not aware of the abuse or cover-up until the filing of an unrelated 2022 case against an Abraxas Entity).

Therefore, the Court declines to toll the statute of limitations based on fraudulent concealment. The Court will, however, permit Mr. McKinley leave to amend to allege facts showing due diligence following the abuse and to identify an affirmative act of fraudulent concealment by the Abraxas Entities.

### 3.  Equitable Tolling

Finally, Mr. McKinley conclusorily asserts that he is entitled to general "equitable tolling." ECF No. 16 ¶ 69 (stating that his statute of limitations "is tolled by the doctrines of fraudulent concealment, equitable tolling, and the discovery rule."). Mr. McKinley's Response in Opposition offers no separate discussion of equitable tolling; instead, he merely lumps it together as part of "the tolling and accrual doctrines of fraudulent concealment, equitable tolling, and the discovery rule." ECF No. 35 at 9–10. Further, he does not address whether he seeks such tolling apart from the Pennsylvania discovery rule and doctrine of fraudulent concealment, and if he does, whether he believes state equitable tolling principles or federal equitable tolling principles apply. *See generally* ECF Nos. 16, 35, 38. Therefore, because Mr. McKinley bears the burden of establishing

these principles, *see Rice*, 255 A.3d at 248, and because he has failed to do so, *see Kach*, 589 F.3d at 642 ("[A] a passing reference to an issue will not suffice to bring that issue before this court."), the Court will not toll the statute of limitations based on general "equitable tolling."[6] The Court will, however, provide Mr. McKinley with leave to amend regarding equitable tolling.

      **C.    The Court Declines to Exercise Supplemental Jurisdiction Over the State Law Claims**

Mr. McKinley's claims in Counts 3 through 7 arise under state law. The Court declines to exercise supplemental jurisdiction over these claims because it will dismiss all claims over which it has original jurisdiction, *see* 28 U.S.C. § 1367(c), (c)(3). Accordingly, the Court dismisses those claims without prejudice.

**IV.  Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss will be GRANTED and Mr. McKinley's First Amended Complaint will be dismissed without prejudice and with leave to amend.

DATED this 27th day of September, 2024.

                                                   BY THE COURT:

                                                   /s/ Christy Criswell Wiegand
                                                   CHRISTY CRISWELL WIEGAND
                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[6] Because the Court has found that Mr. McKinley's claims are time-barred, and that no principle of equitable tolling is applicable, it need not reach Defendants' remaining arguments for dismissal and will deny their Motion to Strike.